1  Marie Burke Kenny (Bar No. 183640)
   E-mail: marie.kenny@procopio.com
2  Brook T. Barnes (Bar No. 276667)
   E-mail: brook.barnes@procopio.com
3  Nicholas Kawuka (Bar No. 297579)
   E-mail: nicholas.kawuka@procopio.com
4  PROCOPIO, CORY, HARGREAVES &
       SAVITCH LLP
5  525 B Street, Suite 2200
   San Diego, CA 92101
6  Telephone: 619.238.1900
   Facsimile: 619.235.0398
7
   Attorneys for Plaintiffs Dexcom, Inc. & Charles
8  Boykin

9
                  UNITED STATES DISTRICT COURT
10
             FOR THE SOUTHERN DISTRICT OF CALIFORNIA
11

12
   DEXCOM, INC. a Delaware corporation,        Case No. **'21 CV 1677 L      LL**
13 and CHARLES BOYKIN, an individual,
                                               **COMPLAINT FOR:**
14            Plaintiffs,                       **1.) DECLARATORY RELIEF
                                                   (C.C.P. § 1060);**
15 v.                                          **2.) DECLARATORY RELIEF
                                                   (28 U.S.C. § 2201);**
16 MEDTRONIC, INC., a Minnesota                **3.) VIOLATION OF BUSINESS
   corporation, DOES 1-20,                         AND PROFESSIONS CODE
17                                                 § 17200.**
              Defendants.
18

19

20

21         Plaintiff  Dexcom,  Inc.  ("Dexcom")  and  Charles  Boykin  ("Boykin")

22 (collectively "Plaintiffs"), by and through their undersigned attorneys, bring this action

23 against Defendant Medtronic, Inc. ( "Medtronic").  Plaintiffs seek judicial relief from

24 an overreaching and unlawful non-compete and non-solicitation provisions drafted by

25 Medtronic.  The State of California has an expressly stated and fundamental public

26 policy against contracts that seek to restrain employees from choosing where they want

27 to work in California.

28         That public policy is articulated in California Business and Professions Code

---
COMPLAINT

CASE NO. _____

section 16600 which provides, in pertinent part, that "every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to the extent void." This public policy extends to contracts regardless of where they are entered into, where the employee seeks to work in California or for California-based employers. Dexcom and Boykin therefore seek a declaration, pursuant to California Code of Civil Procedure section 1060 and the Declaratory Judgment Act, 28 US Code § 2201, that the non-compete and non-solicitation provisions drafted and imposed on Boykin by Medtronic are an unlawful restraint of trade, and thus are invalid and unenforceable, and also violate the fundamental public policy of the State of California. Medtronic's efforts to enforce the non-compete and non-solicitation provisions violate California law and public policy, and constitute an unlawful business practice and an illegal restraint of trade.

## PARTIES

1.      Plaintiff Dexcom, Inc. ("Dexcom") is a corporation organized under the laws of the State of Delaware and is registered to do business in California, with its principal place of business in San Diego, California

2.      Plaintiff Charles Boykin ("Boykin") resides in Ramona, California and started working at Dexcom in or around February 2021. Before that time, Boykin had been employed by Medtronic and resided in San Antonio, Texas.

3.      Plaintiffs are informed and believe, and on that basis allege, that defendant Medtronic, Inc. is a corporation organized under the laws of the State of Minnesota and is registered to do business in California, with its principal place of business in Fridley, Minnesota.

4.      Plaintiffs are informed and believe and on that basis allege, that at all material times, all defendants, including DOES 1 through 20, and each of them, were the agents, co-conspirators, employees, officers, principals or representatives of each of the other defendants herein; that in doing the things hereinafter set forth, defendants were acting within the course and scope of such relationship; and that Plaintiffs' losses

2

COMPLAINT

as herein alleged were proximately caused by the conduct of all defendants.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over Plaintiffs' claims under 28 U.S.C. § 1332, as there is complete diversity of the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391. Defendants employ numerous workers in this judicial district, and a substantial part of the events giving rise to Plaintiffs' claims, occurred within this judicial district. Defendants are subject to personal jurisdiction here.

## FACTUAL BACKGROUND

7.     Dexcom was formed in 1999, and has its company headquarters in San Diego, California.  Dexcom's mission is to empower people to take control of diabetes through innovative continuous glucose monitoring (CGM) systems. Over the years, Dexcom has emerged as a leader of diabetes care technology. By listening to the needs of users, caregivers, and providers, Dexcom simplifies and improves diabetes management around the world.

8.     Dexcom employs more than 2,500 Californians within the State of California, including on-site and remote workers.  In addition, Dexcom employees based outside California regularly collaborate, in real-time, with San Diego employees using a variety of methods, including electronic messaging and video conferences. Dexcom executives based outside of California consult with Dexcom's executives in California on key decisions on a regular basis.

9.     Medtronic has significant ties to California.  Plaintiffs are informed and believe, and on that basis allege, that Medtronic has offices and locations in various cities in California.  For example, as of the filing of this complaint, a search for Medtronic job openings at Medtronic's website www.medtronic.com shows more than one hundred positions Medtronic seeks to fill in California in cities including Northridge, Santa Rosa, Irvine, and San Diego, among others.

130494-00000002/5404577.1

10.   Boykin is a seasoned operations manager with over 30 years of experience in all strategic and tactical aspects of change management and customer service for projects, initiatives and organizational transformation.   Boykin has worked in various industries including finance and healthcare. Boykin is a citizen of the United States.

11.   Between December 29, 2014 until his employment was terminated effective January 2, 2021, Boykin was living and working for Medtronic in San Antonio, Texas.   During this time, he worked for Medtronic as Senior Customer Service Manager.   Before joining Medtronic, Boykin had been employed by USAA, in finance, and Kinetic Concepts, in the healthcare products industry.

12.   In 1999, Boykin accepted a position at Medtronic.   On or about March 4, 2020, Medtronic required Boykin to sign a new at-will employment agreement, entitled "Employee Agreement." Unassisted by counsel, Boykin signed the Employee Agreement as a condition to receive his "stay bonus" instead of pursuing a new opportunity in another division of Medtronic. A true and correct copy of the Employee Agreement is attached hereto as **Exhibit 1**.

13.   The Employee Agreement contained broad provisions titled "Restrictions on Competition" (the "Non-Complete Clause") & "Prohibition on Solicitation of MEDTRONIC Employees." (the "Non-Solicitation" clause).

14.   The Non-Compete Clause in the Employee Agreement provides:
> Employee agrees that while employed by MEDTRONIC, and for two (2) years after the last day Employee is employed by MEDTRONIC, Employee will not be employed by or otherwise perform services for a CONFLICTING ORGANIZATION in connection with or relating to a COMPETITIVE PRODUCT or COMPETITIVE RESEARCH AND SUPPORT. If, however, during the last twelve (12) months of employment with MEDTRONIC, Employee had no management duties or responsibilities and was engaged exclusively in sales activities, including selling, soliciting the sale, or supporting the sale of MEDTRONIC PRODUCTS through direct

4

contact with MEDTRONIC CUSTOMERS, this restriction will be for a duration of only one (1) year after the last day Employee is employed by MEDTRONIC, and will prohibit Employee only from soliciting, selling to, contacting, or attempting to divert business from, whether directly or by managing, directing or supervising others, any MEDTRONIC CUSTOMER on behalf of a CONFLICTING ORGANIZATION in connection with or relating to a COMPETITIVE PRODUCT or COMPETITIVE RESEARCH AND SUPPORT.

15.    The Non-Solicitation Clause in the Employee Agreement provides: Employee agrees that at all times while employed by MEDTRONIC, and for one (1) year thereafter, Employee will not directly or indirectly solicit, cause to be solicited, or participate in or promote the solicitation of any person to terminate that person's employment with MEDTRONIC or to breach that person's employment agreement with MEDTRONIC, or to perform services for or become employed by a CONFLICTING ORGANIZATION.

16.    The Employee Agreement also obligated Boykin as follows: In the event Employee's employment with MEDTRONIC terminates, Employee agrees that during the term of the restrictions described in Section 4.1, Employee will immediately inform MEDTRONIC if Employee has accepted an offer of employment from any new employer, and shall immediately disclose to MEDTRONIC in writing the identity of any new employer, the job title of Employee's new position, and a description of any services to be rendered to that employer. In addition, Employee agrees to respond within ten (10) days to any written request from MEDTRONIC for further information concerning Employee's work activities sufficient to provide MEDTRONIC with assurances that Employee is not violating any of the obligations Employee has undertaken in this Agreement.

17.    Plaintiffs are informed and believe, and on that basis allege, that Medtronic requires many of its employees to sign an Employee Agreement that contains the Non-Compete Clause and the Non-Solicitation Clause.

130494-00000002/5404577.1                                    CASE NO. _____

18.   Effective January 2, 2021, Boykin left Medtronic after Medtronic terminated his employment for cause.  Medtronic alleged that Boykin did not follow expense reimbursement policies.

19.   Boykin is the primary wage earner for his family.  Boykin's spouse has diabetes, significantly hindering her from working because of her existing medical conditions.

20.   In or around February 2021, Boykin started working at Dexcom as its Senior Director Global Technical Support.

21.   On information and belief, in or around April 2021, Medtronic learned of Boykin's new employment.  After it learned of his employment, Medtronic sent a letter to Boykin informing him that he had had signed an Employee Agreement that contained the Non-Compete Clause and Non-Solicitation Clause, which he must abide while he was working for Dexcom – "a competitor of Medtronic's Diabetes business."  A true and correct copy of Medtronic's April 20, 2021 letter is attached as **Exhibit 2**.

22.   On April 22, 2021, Boykin wrote back to Medtronic informing Medtronic that he had returned all Medtronic property and materials, and that he had not disclosed and did not intend to disclose any of Medtronic's confidential information to any company or third party.  A true and correct copy of Boykin's April 22, 2021 letter is attached as **Exhibit 3**.

23.   On May 21, 2021, Medtronic sent a letter to Dexcom addressing the issues it raised in the letter to Boykin.  In its letter, Medtronic asserted, "Medtronic is extremely concerned about the confidential information Mr. Boykin may be sharing, and we don't understand how Mr. Boykin can work for Dexcom [sic] without violating his noncomplete olbigations [sic] to Medtronic."  Medtronic demanded assurances from Dexcom that Boykin would abide by the terms in his Employee Agreement.  A true and correct copy of Medtronic's May 21, 2021 letter is attached as **Exhibit 4**.

24.   On July 1, 2021, Dexcom responded to Medtronic's letter.   In its response, Dexcom informed Medtronic that Dexcom had instructed Boykin not to

COMPLAINT

share Medtronic's proprietary information in his role at Dexcom.   Dexcom also reassured Medtronic that Boykin had confirmed to Dexcom that he had not disclosed and would not disclose Medtronic's confidential information to Dexcom.   Dexcom further reminded Medtronic that Boykin had written to Medtronic confirming the same facts. A true and correct copy of Dexcom's July 1, 2021 response is attached as **Exhibit 5**.

25.    Unsatisfied, and without any proof of wrongdoing by Boykin or Dexcom, yet again, on July 14, Medtronic sent two letters – one to Boykin and the other to Dexcom.  Dexcom again demanded assurances from Dexcom and Boykin.  Medtronic also asserted that the terms in its Employee Agreement were enforceable against Dexcom and Boykin irrespective of the fact that Boykin now lived in California because he signed and agreed to the provision while living and working in Texas.   A true and correct copy of Medtronic's July 14, 2021 letter is attached as **Exhibit 6**.

26.    In the July 14, 2021 letter to Boykin, Medtronic asserted in clear terms:
> Importantly, your employment with Dexcom violates both the non-competition obligation in Section 4.1 and the confidentiality obligation in Section 3.6 of the Medtronic Employee Agreement. These two provisions work together to ensure that employees who are provided with and help contribute to Medtronic CONFIDENTIAL INFORMATION during the course of their employment with Medtronic do not provide services to CONFLICTING ORGANIZATIONS for a period of two (2) years post-employment with Medtronic.

27.    In the July 14, 2021 letter to Dexcom, Medtronic asserted that while Dexcom had responded to Medtronic's earlier letter, Dexcom "did not address *Mr. Boykin's continued employment with Dexcom in violation of non-competition obligations* contained in Section 4.1 of the Medtronic Employee Agreement[.]" (emphasis added).  Medtronic further asserted that Dexcom also did not "address Mr. Boykin's *potential* use of Medtronic CONFIDENTIAL INFORMATION in his Senior Director role with Dexcom." (emphasis added).   Notwithstanding its baseless

suspicions of impropriety, Medtronic concluded, "Medtronic has been seeking a satisfactory response from Mr. Boykin and Dexcom regarding Mr. Boykin's *continued violation* of his obligations to Medtronic since April 20, 2021, to no avail." (emphasis added).

28. On July 19, 2021, Dexcom responded to Medtronic's July 14, 2021 letter, reminding Medtronic that a) Dexcom has not received any confidential and/or proprietary information from Boykin; b) Boykin has not disclosed any confidential and/or proprietary information and Dexcom instructed Boykin to not rely on any confidential and/or proprietary information from Medtronic; c) the non-compete provisions in the Employee Agreement were unenforceable in California, where Boykin resides, as well as Texas, where Boykin formerly resided; and, d) Medtronic's inevitable disclosure theory that Boykin could not work for Dexcom without violating his noncompete obligations had been rejected by California courts as an impermissible restraint on employment mobility. A true and correct copy of Dexcom's July 19, 2021 letter is attached as **Exhibit 7**.

29. Medtronic never responded to Dexcom's July 19, 2021 letter.

30. On or about September 10, 2021, Medtronic filed suit against Dexcom and Boykin in the County of Anoka, in the State of Minnesota, alleging in pertinent part that Boykin breached his Employee Agreement with Medtronic by joining Dexcom as its Senior Director Global Technical Support, and by allegedly disclosing Medtronic's confidential information for Dexcom's benefit.

31. In the same lawsuit, Medtronic also alleged that Dexcom had tortiously interfered with the Employee Agreement between Boykin and Medtronic by employing Boykin as its Senior Director Global Technical Support to provide services for Dexcom with knowledge of the Employee Agreement.

32. Boykin's employment with Dexcom, is governed by California law. Boykin is currently working as Senior Director Global Technical Support at Dexcom.

33. Boykin is living in San Diego County in California. He expects to

8

COMPLAINT

maintain a residence in California throughout his employment with Dexcom. Dexcom pays income and payroll taxes on wages earned by Boykin. The State of California will continue to withhold such taxes from future wages and other compensation that Dexcom will pay to Boykin in California. Boykin sold his residential property in the State of Texas. He currently has a California mailing address.

34. The "Non-Compete Clause" in the Employee Agreement between Boykin and Covenant is unenforceable under California law. Medtronic's efforts to enforce the "Non-Compete Clause" violate California law and public policy, and constitute an unlawful business practice and an illegal restraint of trade.

35. The "Non-Solicitation Clause" in the Employee Agreement between Boykin and Covenant is unenforceable under California law. Medtronic's efforts to enforce the "Non-Solicitation Clause" violate California law and public policy, and constitute an unlawful business practice and an illegal restraint of trade.

## FIRST CAUSE OF ACTION

### (Declaratory Relief – Code of Civil Procedure § 1060 – By All Plaintiffs)

36. Plaintiffs incorporate herein by reference paragraphs 1 through 35 above, as if set forth in full.

37. Medtronic filed a lawsuit in Minnesota state court against Dexcom and Boykin asserting that Boykin breached the Employee Agreement by violating the "Non-Compete Clause" through working at Dexcom as its Senior Director Global Technical Support.

38. Medtronic's lawsuit against Dexcom and Boykin also asserts that Dexcom tortiously interfered with the Employee Agreement by employing him to provide services on its behalf with knowledge of the Employee Agreement.

39. Medtronic's assertions are directly hampering Dexcom's ability to pursue and expand its business, and are interfering with Boykin's right and ability to carry out the duties and responsibilities of his employment with Dexcom.

40. Dexcom and Boykin contend that the Non-Compete Clause and the Non-

Solicitation clause are invalid and unenforceable as a matter of law under California Business and Professions Code section 16600, and other provisions of California law. Business and Professions Code section 1660 provides, in pertinent part, that "every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to the extent void."  Business and Professions Code section 16600 is a component of Chapter 1 ("Contracts in Restraint of Trade") of Part Two ("Preservation and Regulation of Competition") of Division Seven ("General Business Regulations") of the Business and Professions Code.

41.    Medtronic's Employee Agreement, which contains the Non-Complete Clause and the Non-Solicitation Clause, also provides that it is governed by the laws of the State of Minnesota, and that venue for actions arising out of that agreement shall be in a state court in the State of Minnesota.  The laws of the State of Minnesota relating to contract provisions such as the Non-Compete Clause and the Non-Solicitation Clause are in fundamental conflict with California law.

42.    Although Minnesota law disfavors agreements with Non-Compete Clauses and Non-Solicitation Clauses, courts in Minnesota will enforce such agreements under certain circumstances.

43.    The State of California has a materially greater interest than the State of Minnesota in having its laws applied to decide the enforceability of the Non-Compete Clause and the Non-Solicitation Clause (a) because of the strong public policy in California in favor of free mobility of employees and against contract provisions restraining anyone from engaging in any lawful profession, trade, or business, and (b) because the Non-Compete Clause and the Non-Solicitation Clause are interfering with the California-based employment relationship between Dexcom and Boykin.

44.    An actual, present, and justiciable controversy has arisen between plaintiffs and defendants concerning the enforceability of the Non-Compete Clause and the Non-Solicitation Clause.

45.    Plaintiffs seek a judicial determination and declaration that this case may

130494-00000002/5404577.1                                                           CASE NO. _____

properly proceed in California.  Plaintiffs also seek a determination and declaration that California law governs the enforceability of the Non-Compete Clause and the Non-Solicitation Clause as it applies to Boykin.  Plaintiffs finally seek a determination and declaration that both clauses are invalid and unenforceable under California law.

**SECOND CAUSE OF ACTION**

**(Declaratory Relief – 28 U.S.C. § 2201 – By All Plaintiffs)**

46.  Plaintiffs incorporate herein by reference paragraphs 1 through 45 above, as if set forth in full.

47.  Dexcom and Boykin contend that the Non-Compete Clause and the Non-Solicitation clause are invalid and unenforceable as a matter of law under California Business and Professions Code section 16600, and other provisions of California law. Business and Professions Code section 1660 provides, in pertinent part, that "every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to the extent void."  Business and Professions Code section 16600 is a component of Chapter 1 ("Contracts in Restraint of Trade") of Part Two ("Preservation and Regulation of Competition") of Division Seven ("General Business Regulations") of the Business and Professions Code.

48.  Medtronic's Employee Agreement, which contains the Non-Complete Clause and the Non-Solicitation Clause, also provides that it is governed by the laws of the State of Minnesota, and that venue for actions arising out of that agreement shall be in a state court in the State of Minnesota.  The laws of the State of Minnesota relating to contract provisions such as the Non-Compete Clause and the Non-Solicitation Clause are in fundamental conflict with California law.

49.  Although Minnesota law disfavors agreements with Non-Compete Clauses and Non-Solicitation Clauses, courts in Minnesota will enforce such agreements under certain circumstances.

50.  The State of California has a materially greater interest than the State of Minnesota in having its laws applied to decide the enforceability of the Non-Compete

130494-00000002/5404577.1

CASE NO. _____

Clause and the Non-Solicitation Clause (a) because of the strong public policy in California in favor of free mobility of employees and against contract provisions restraining anyone from engaging in any lawful profession, trade, or business, and (b) because the Non-Compete Clause and the Non-Solicitation Clause are interfering with the California-based employment relationship between Dexcom and Boykin.

51.     An actual, present, and justiciable controversy has arisen between plaintiffs and defendants concerning the enforceability of the Non-Compete Clause and the Non-Solicitation Clause.

52.     Plaintiffs seek a judicial determination and declaration that this case may properly proceed in California.  Plaintiffs also seek a determination and declaration that California law governs the enforceability of the Non-Compete Clause and the Non-Solicitation Clause as it applies to Boykin.  Plaintiffs finally seek a determination and declaration that both clauses are invalid and unenforceable under California law.

## THIRD CAUSE OF ACTION

### (Violation Of California Unfair Competition Law – Cal. Bus. & Prof. Code §§ 17200 *et seq.* – By All Plaintiffs)

53.     Plaintiffs incorporate herein by reference paragraphs 1 through 52 above, as if set forth in full.

54.     Medtronic's conduct as described here, including without limitation the inclusion of the unlawful Non-Compete Clause and the Non-Solicitation Clause in Employment Agreements, and the attempted enforcement of the Employment Agreement with those provisions against Boykin constitutes unlawful, unfair and/or fraudulent business acts or practices prohibited by California Business and Professions Code sections 17200, *et seq.*

55.     Medtronic's inclusion of the facially unlawful Non-Compete Clause and the Non-Solicitation Clause and the attempted enforcement of the same directly undermines the fundamental statutory policy articulated in Business and Professions Code section 16600 favoring competition and employee mobility.

56.    The mere inclusion of the Non-Complete Clause or the Non-Solicitation Clause is an unlawful and unfair business practice because the average employee would honor the unlawful provision without consulting counsel or challenging the provision in court.

57.    The inclusion of these provisions, discourages employees from terminating their employment with Medtronic and seeking employment with a competitor or forming a competing business, because the unlawful provisions place a substantial segment of the market off limits to Medtronic's employees.

58.    The inclusion of these provisions, discourages California employers from actively soliciting employees who previously worked for Medtronic, thereby reducing the pool of qualified personnel who could work for competitors of Medtronic.  This conduct in effect violates the letter and spirit of federal and state antitrust laws, including but not limited to the Sherman Act, 15 U.S.C. §§ 1,2, and the Cartwright Act, Cal. Bus. & Prof. Code § 16700 *et seq* because it reduces competition in the marketplace.

59.    As a direct and proximate result of the inclusion of the unlawful provisions, and the attempted enforcement of the provisions against Dexcom and Boykin, Plaintiffs have suffered damages and Medtronic has profited and obtained improper and ill-gotten benefits.

60.    By this action, Plaintiffs seek declaratory and injunctive relief to enjoin Medtronic from its ongoing acts and practices of unfair competition.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests that the Court grant the following relief:

1.    For a declaration (i) that this matter may properly proceed in California, (ii) that California law governs the enforceability of the Non-Compete Clause and the Non-Solicitation Clause, and (iii) that the Non-Compete Clause and the Non-Solicitation Clause are invalid and unenforceable as against Dexcom or Boykin.

130494-00000002/5404577.1

2.     For an order enjoining Medtronic from continuing its attempts at enforcing the Non-Complete Clause and the Non-Solicitation Clause against Boykin and Dexcom.

3.     For restitution.

4.     For costs of suit incurred.

5.     For such other and further relief as this Court may deem to be just and proper.

## JURY TRIAL DEMANDED

Plaintiff requests a trial by jury on all issues so triable.

DATED: September 24, 2021            PROCOPIO, CORY, HARGREAVES &
                                                    SAVITCH LLP


                                            By:  s/ Brook T. Barnes
                                                    Marie Burke Kenny
                                                    Brook T. Barnes
                                                    Nicholas Kawuka
                                                    Attorneys for Plaintiffs Dexcom, Inc.
                                                    and Charles Boykin

14

COMPLAINT