Marie Burke Kenny (Bar No. 183640)
E-mail: marie.kenny@procopio.com
Brook T. Barnes (Bar No. 276667)
E-mail: brook.barnes@procopio.com
Nicholas Kawuka (Bar No. 297579)
E-mail: nicholas.kawuka@procopio.com
PROCOPIO, CORY, HARGREAVES &
   SAVITCH LLP
525 B Street, Suite 2200
San Diego, CA 92101
Telephone: 619.238.1900
Facsimile: 619.235.0398

Attorneys for Plaintiff Charles Boykin

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| DEXCOM, INC. and CHARLES BOYKIN,<br><br>Plaintiffs,<br><br>v.<br><br>MEDTRONIC, INC.,<br><br>Defendant. | Case No. 3:21-cv-01677-H-LL<br><br>**DECLARATION OF BROOK T. BARNES IN SUPPORT OF PLAINTIFF CHARLES BOYKIN'S *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER FOR INJUNCTIVE RELIEF**<br><br>Date:  TBD<br>Time:  TBD<br>Dept:  15A<br>Judge:  Hon. Marilyn L. Huff |
|---|---|

## **DECLARATION OF BROOK T. BARNES**

I, Brook T. Barnes, declare as follows:

1. I am an attorney licensed to practice law before all courts of the State of California and I am an attorney with the law firm Procopio, Cory, Hargreaves & Savitch LLP, counsel of record for Plaintiffs Dexcom, Inc. ("Dexcom") and Charles Boykin ("Boykin") in the above-entitled action. I make this declaration in support of ex parte application for temporary restraining order for injunctive relief.

2. I have personal knowledge of the facts set forth below, with the exception of those matters stated on information and belief, and as to those matters, I believe

them to be true, and if called as a witness, I could and would competently testify thereto.

3. Defendant Medtronic, Inc. ("Medtronic") is a medical technology company with its principal place of business in Fridley, Minnesota. Medtronic has offices and employees in numerous locations outside of Minnesota, including in California. Attached hereto as **Exhibit 1** is a true and correct copy of Statement of Information for Medtronic, filed with the California Secretary of State on January 4, 2021. At my instruction, my associate Nicholas Kawuka retrieved the statement from the California Secretary of State's website on September 27, 2021.

4. I have reviewed the Employment Agreement between Boykin and Medtronic signed on or around March 4, 2020. The Employee Agreement contains broad provisions titled "Restrictions on Competition" (the "Non-Complete Clause") & "Prohibition on Solicitation of MEDTRONIC Employees." (the "Non-Solicitation" clause) that purport to impose on Boykin a two-year post-employment non-compete (with no geographic limitations) and a one-year post-employment prohibition on soliciting Medtronic's employees. The Employment Agreement also requires Boykind to inform Medtronic immediately he accepts any other employment.

5. Boykin started working for Dexcom in early 2021. After it learned of Boykin's employment with Dexcom in or about April 2021, Medtronic launched a campaign of threats and exaggerated accusations against Boykin, in a transparent effort to prevent Boykin from exercising his protected right to pursue his chosen profession.

6. Between April and July 2021, Medtronic sent numerous letters to Boykin and Dexcom in which, among other things, it demanded assurances that Boykin would comply with his Employee Agreement and claimed that:

    a. Boykin must abide by the Non-Compete and Non-Solicitation provisions in his Employee Agreement while working for Dexcom, "a competitor of Medtronic's Diabetes business.";

      b. "Medtronic is extremely concerned about the confidential information Mr. Boykin may be sharing, and we don't understand how Mr. Boykin can work for Dexom [sic] without violating his noncompete olbigations [sic] to Medtronic.";

      c. Claiming that the terms in Medtronic's Employee Agreement were enforceable against Dexcom and Boykin irrespective of the fact that it terminated Bokin and he now lived and worked in California;

      d. "[Boykin's] employment with Dexcom violates both the non-competition obligation in Section 4.1 and the confidentiality obligation in Section 3.6 of the Medtronic Employee Agreement. These two provisions work together to ensure that employees who are provided with and help contribute to Medtronic CONFIDENTIAL INFORMATION during the course of their employment with Medtronic do not provide services to CONFLICTING ORGANIZATIONS for a period of two (2) years post-employment with Medtronic."; and

      e. Boykin's "continued employment with Dexcom" and "potential use of Medtronic's Confidential Information" constituted violations of his Employee Agreement.

Attached hereto as **Exhibit 2** is a true and correct copy of the April 20, 2021 letter from Medtronic to Boykin.  Attached as **Exhibit 3** is a true and correct copy of the May 21, 2021 letter from Medtronic to Boykin.  Attached hereto as **Exhibit 4** is a true and correct copy of the July 14, 2021 letter from Medtronic to Dexcom.

      7. Boykin and Dexcom made every effort to assuage Medtronic's claimed concerns.  Dexcom provided repeated written assurances that Boykin had returned all Medtronic property and materials, that he had not disclosed and did not intend to disclose any of Medtronic's confidential information to any company or third party, and that Dexcom had expressly instructed Boykin not to share Medtronic's

1 confidential information and had received his assurance that he would not do so.
2 Attached hereto as **Exhibit 5** is a true and correct copy of the July 1, 2021 email from
3 Dexcom to Medtronic.

4       8.    Boykin and Dexcom also provided Medtronic with a detailed
5 explanation, supported with legal authority, as to why its Non-Compete provision was
6 void and unenforceable in California, where Boykin resides (as well as Texas, where
7 Boykin formerly resided), and Medtronic's inevitable disclosure theory that Boykin
8 could not work for Dexcom without violating his noncompete obligations had been
9 rejected by California courts as an impermissible restraint on employment mobility.
10 Attached hereto as **Exhibit 6** is a true and correct copy of the July 19, 2021 letter I
11 sent to Medtronic on behalf of Dexcom.

12       9.    After Boykin and Dexcom provided yet another set of assurances and
13 explanation of the unenforceability of Medtronic's restrictive covenants on July 19,
14 2021, Medtronic ceased further communications with Plaintiffs. Instead, on or about
15 September 10, 2021, Medtronic filed suit against Dexcom and Boykin in the County
16 of Anoka, in the State of Minnesota (the "Minnesota action"), alleging in pertinent
17 part that Boykin breached his Employee Agreement with Medtronic by joining
18 Dexcom as its Senior Director Global Technical Support, and by allegedly disclosing
19 Medtronic's confidential information for Dexcom's benefit. In the same lawsuit,
20 Medtronic also alleged that Dexcom had tortiously interfered with the Employee
21 Agreement between Boykin and Medtronic by employing Boykin as its Senior
22 Director Global Technical Support to provide services for Dexcom with knowledge of
23 the Employee Agreement. Attached hereto as **Exhibit 7** is a true and correct copy of
24 Complaint filed by Medtronic in the Minnesota action.

25       10.    Medtronic has obtained a TRO order to prevent Boykin from continuing
26 working for Dexcom, which Plaintiffs are seeking to dissolve at a hearing scheduled
27 for October 11, 2021. Medtronic has provided no evidence that Boykin relied upon,
28 used, or disclosed confidential or proprietary information while working with

Dexcom. Dexcom.  Medtronic is also currently seeking a preliminary injunction in the Minnesota action that would preclude Boykin from performing any work for Dexcom during the pendency of the lawsuit.  Attached hereto as **Exhibit 8** is a true and correct copy of Medtronic's Notice of Motion and Motion for Temporary Restraining Order and Expedited Discovery. Dexcom is challenging the Minnesota action on several grounds, including lack of jurisdiction over Dexcom.

11.   On September 14, 2021, without granting Plaintiffs an opportunity to be heard, Anoka County Judge Nancy Logering signed Medtronic's proposed temporary restraining order almost verbatim. Attached hereto as **Exhibit 9** is a true and correct copy of the September 14, 2021 Order for Temporary Restraining Order and Expedited Discovery. Before Medtronic received notice that its TRO had been entered, Medtronic exercised its right under the Minnesota Rules of Civil procedure to remove the first judge, and a second judge has now been assigned to the Minnesota matter.  On September 27, 2021 Boykin and Dexcom obtained a hearing date of October 11, 2021 for a motion to dissolve the September 14, 2021 temporary restraining order.

12.   Prior to filing this motion, Dexcom and Boykin, through counsel, provided written notice to Medtronic of their intention to apply for a temporary restraining order on September 28, 2021.  Attached hereto as **Exhibit 10** is a true and correct copy of Dexcom's counsel's September 28, 2021 email to Medtronic, informing Medtronic of Dexcom's intent to seek a temporary restraining order.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 29th day of September 2021, at San Diego, California.

                                        s/ Brook T. Barnes
                                        Brook T. Barnes
                                        Attorney for Plaintiffs Dexcom, Inc. and Charles Boykin