UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEXCOM, INC. et al.,<br><br>                    Plaintiffs,<br><br>v.<br><br>MEDTRONIC, INC.,<br><br>                    Defendant. | Case No.: 21-CV-1677-CAB-LL<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>[Doc. No. 16] |

This matter is before the Court on Defendant's motion to dismiss or in the alternative stay proceedings. The motion has been fully briefed, and the Court deems it suitable for submission without oral argument. For the following reasons, the motion to dismiss for *forum non conveniens* is granted.

**I.    Background**

Defendant Medtronic is a Minnesota corporation. [Doc. No. 1 at ¶ 3.] Plaintiff Charles Boykin worked for Medtronic's diabetes operating unit in San Antonio, Texas, from 2014 until early 2021, as a Senior Customer Service Manager. [*Id.* at ¶ 11.] In exchange for a $15,000 "stay bonus," Boykin signed a new at-will employment agreement (the "Employment Agreement") in 2020. [*Id.* at ¶ 12.] The Employment Agreement

included non-compete and non-solicitation clauses along with a Minnesota choice-of-law clause and a Minnesota forum-selection clause. [*Id.* at ¶¶ 14-16.]

Medtronic fired Boykin effective January 2, 2021, for cause on the grounds that Boykin did not follow expense reimbursement policies. [*Id.* at ¶ 18.] In February 2021, Boykin began working for Plaintiff Dexcom, which is a Medtronic competitor in the diabetes/glucose monitoring field. [*Id.* at ¶ 21.] When he started with Dexcom, Boykin still lived in Texas, but he has since moved to San Diego and now lives and works for Dexcom in this district. Over the next few months, Medtronic and Dexcom exchanged several letters from counsel concerning Medtronic's belief that Boykin's employment with Dexcom violated Boykin's non-compete and confidentiality obligations from the Employment Agreement. [*Id.* at ¶¶ 21-28.][1]

On September 24, 2021, Dexcom and Boykin filed this lawsuit. The complaint asserts claims for: (1) declaratory relief that the non-compete and non-solicitation clauses of Boykin's Employment Agreement are governed by and invalid under California law; and (2) violation of California's unfair competition law (the "UCL"), Cal. Bus. & Prof. Code § 17200, based on the inclusion of the non-compete provision and Medtronic's attempts to enforce it against Boykin. Plaintiffs also moved for a TRO seeking to enjoin Medtronic from enforcing the non-compete clause against Boykin. The Court converted the motion for a TRO to a motion for a preliminary injunction and denied the motion at a hearing on October 29, 2021.

---

[1] On September 10, 2021, Medtronic and its subsidiary MiniMed sued Dexcom and Boykin in Minnesota state court for violation of the Employment Agreement (by Boykin), and tortious interference with contract (by Dexcom). [Doc. No. 1 at ¶¶ 30-31.] On September 14, 2021, the Minnesota court entered a temporary restraining order ("TRO") prohibiting Boykin from continuing to work for Dexcom. The Minnesota court heard Dexcom's motion to dissolve the TRO on October 11, 2021, but as far as this court is aware, has yet to issue a ruling. These facts are relevant to several of Medtronic's arguments for dismissal or stay, but they are of minimal relevance to the motion to dismiss on *forum non conveniens* grounds. In other words, dismissal for *forum non conveniens* based on the forum-selection clause is warranted regardless of the pendency of the Minnesota action.

On October 21, 2021, Defendants filed the instant motion to dismiss. Defendants seek dismissal under the doctrine of *forum non conveniens* based on the forum-selection clause in the Employment Agreement. The motion also seeks dismissal under Federal Rule of Civil Procedure 12(b)(6) based on pending proceedings in Minnesota state court, *see Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942); *Colorado River Water Cons. Dist. v. United States*, 424 U.S. 800 (1976), and dismissal of the UCL claim on the grounds that the alleged actions are protected litigation activity that occurred outside of California. Finally, the motion seeks dismissal under Rule 12(b)(1) for failure to join an indispensable party that will defeat diversity jurisdiction. The Court need not consider these latter arguments because the doctrine of *forum non conveniens* requires dismissal.[2]

**II.    Discussion**

Medtronic moves to dismiss this case under the doctrine of *forum non conveniens* based on the Employment Agreement's forum-selection clause, which states:

> 7.3 <u>Venue and Personal Jurisdiction.</u>  Any dispute arising out of or related to this Agreement, or any breach or alleged breach hereof, shall be exclusively decided by a state court in the State of Minnesota. Employee irrevocably waives Employee's right, if any, to have any disputes between Employee and MEDTRONIC arising out of or related to this Agreement decided in any jurisdiction or venue other than a state court in the State of Minnesota. Employee hereby irrevocably consents to the personal jurisdiction of the state courts in the State of Minnesota for the purposes of any action arising out of or related to this Agreement.

"Forum selection clauses are valid except in the rarest cases." *In re Becker*, 993 F.3d 731, 732 (9th Cir. 2021). "The validity of a forum-selection clause is governed by federal law." *Lewis v. Liberty Mut. Ins. Co.*, 953 F.3d 1160, 1164 (9th Cir. 2020). When, as is the case here, the forum-selection clause points to a state forum, "the appropriate way to enforce

---

[2] Plaintiffs object to a request for judicial notice Medtronic filed with its reply. Because the Court did not consider any of the evidence in question, the request for judicial notice and objections thereto are deemed moot.

[it] is through the doctrine of *forum non conveniens*." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 60 (2013). "[C]ourts should evaluate a forum-selection clause pointing to a nonfederal forum in the same way that they evaluate a forum-selection clause pointing to a federal forum." *Id.* at 61. "The plaintiff's subsequent choice of forum merits no weight," *Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1087 (9th Cir. 2018), and "as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to [or dismissal under *forum non conveniens* in favor of] the forum for which the parties bargained is unwarranted." *Atl. Marine Const. Co.*, 571 U.S. at 64.

A forum-selection clause is controlling unless the plaintiff makes "a strong showing that: (1) the clause is invalid due to 'fraud or overreaching,' (2) 'enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision,' or (3) 'trial in the contractual forum will be so gravely difficult and inconvenient that [the litigant] will for all practical purposes be deprived of his day in court.'" *Sun*, 901 F.3d at 1088 (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)). "If a court finds the forum selection clause valid under federal law, the next step in the forum non conveniens analysis is to assess whether the public interest factors weigh against dismissal." *Mechanix Wear, Inc. v. Performance Fabrics, Inc.*, No. 216CV09152ODWSS, 2017 WL 417193, at *3 (C.D. Cal. Jan. 31, 2017). Plaintiffs here argue that the forum-selection clause in the Employment Agreement does not require dismissal for *forum non conveniens* because: (1) Medtronic engaged in fraud or overreaching with respect to the forum-selection clause; (2) enforcement of the forum-selection clause would contravene a strong California public policy against enforcement of non-compete agreements; (3); private and public interest factors weigh against dismissal, and (4) the forum-selection clause does not apply to Dexcom because it is not a party to the Employment Agreement.

### A. Fraud or Overreaching

Plaintiffs assert that the forum-selection clause is a product of fraud or overreaching because the Medtronic employee who provided Boykin with the Employment Agreement to sign did not tell him that it had a forum-selection clause. "To establish the invalidity of the forum-selection clause due to fraud or overreaching, Plaintiff must 'show that *the inclusion of that clause in the contract* was the product of fraud or coercion.'" *Bishop v. Abbott Lab'ys*, No. CV189769DSFJPRX, 2019 WL 11791913, at *2 (C.D. Cal. Feb. 19, 2019) (quoting *Peterson v. Boeing Co.*, 715 F.3d 276, 280 (9th Cir. 2013)) (*emphasis* in original). According to Plaintiffs, based on a Medtronic employee's representation that it was a "standard employment agreement," Boykin signed the document without reading it in exchange for a $15,000 retention bonus. [Doc. No. 22 at 17.] None of these allegations support a claim of fraud or overreach with respect to the inclusion of the forum-selection clause in the Employment Agreement. Medtronic, a Minnesota corporation, offered Boykin $15,000 to sign an employment agreement containing a Minnesota forum-selection clause. "If Plaintiff did not wish to be bound by the Employment Agreement's terms, including its forum-selection clause, he had the opportunity to seek employment elsewhere." *Bishop*, 2019 WL 11791913, at *2. That Boykin did not read the agreement before signing does not make the forum-selection clause fraudulent or overreaching. The clause is therefore not invalid on this ground.

### B. California Public Policy

Plaintiffs also argue that enforcement of the forum-selection clause would contravene California's strong public policy against non-compete agreements. "[T]o prove that enforcement of [a forum-selection] clause would contravene a strong public policy of the forum in which suit is brought, the plaintiff must point to a statute or judicial decision that clearly states such a strong public policy." *Sun*, 901 F.3d at 1090 (internal quotation marks and citation omitted). Here, Plaintiffs point to California Business & Professions Code § 16600, which states that "every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void."

Plaintiffs' argument, however, relates to California's public policies surrounding non-compete and choice-of-law provisions, not public policy against the enforcement of forum-selection clauses. *See Mechanix Wear, Inc*, 2017 WL 417193, at *7 (stating that the plaintiffs' argument that a "forum selection clause is unreasonable because it arises in a non-compete agreement, and California has a strong public policy against non-compete agreements . . . fails because the only relevant consideration is whether the forum clause selection clause itself violates California's public policy, not the agreement in which it appears."); *cf. Bishop*, 2019 WL 11791913, at *3 (noting that the plaintiff's arguments that California had a strong public policy to prevent disability discrimination in employment went "to the enforceability of the Employment Agreement's choice-of-law provision rather than its forum-selection clause and generally are not relevant."). To succeed here, Plaintiffs must show "'a statute or judicial decision that clearly states such a strong public policy,' precluding enforcement *of the forum-selection clause*." *Lewis*, 953 F.3d at 1167 (*emphasis* added) (quoting *Sun*, 901 F.3d at 1090).

Nothing in section 16600 "prevents setting non-Californian tribunals as designated fora," *id.*, for disputes involving employment agreements containing non-compete clauses.[3] Plaintiffs point to no other strong public policy in California against the enforcement of forum-selection clauses, and other district courts have found that there is no such policy. *See Thermomagnetics & Cryogens, Inc. v. Pittsburgh Universal, LLC*, No. EDCV162377GWSPX, 2016 WL 11002591, at *4 (C.D. Cal. Dec. 19, 2016) ("While California has a policy against restrictive covenants against competition, this Court is not

---

[3] That application of California Labor Code § 925, which precludes employers from requiring an employee to adjudicate outside of California a claim arising in California, is expressly limited to agreements with employees who primarily reside and work in California indicates that California does not have a strong public policy against forum selection clauses in employment agreements not involving California based employees, as is the case here. *Cf. Ryze Claim Sols. LLC v. Superior Ct.*, 33 Cal. App. 1066, 1072 (2019) (holding that the trial court circumvented the legislature's express intent when it refused to enforce a forum selection clause in an employment agreement based on the policy reflected in § 925, when the employment agreement itself was not subject to § 925).

aware of any general policy of non-enforcement of forum-selection clauses."); *Swenson v. T-Mobile USA, Inc.*, 415 F. Supp. 2d 1101, 1105 (S.D. Cal. 2006) (holding, in case involving employment agreement with non-compete provision, that "[e]nforcement of the forum selection clause itself here does not contravene a strong public policy of California."). To the contrary, California courts have enforced forum-selection clauses in employment agreements, even in instances where, unlike here, the employee was a California resident at the time the employment agreement was executed. *See Ryze Claim Sols. LLC v. Superior Ct.*, 33 Cal. App. 5th 1066, 1070 (2019) ("Although we have acknowledged a policy favoring access to California courts by resident plaintiffs, we likewise conclude that the policy is satisfied in those cases where a plaintiff has freely and voluntarily negotiated away his right to a California forum. Forum-selection clauses are valid and may be given effect, in the court's discretion and in the absence of a showing that enforcement of such a clause would be unreasonable.") (internal brackets, ellipses, and citation omitted).

Moreover, enforcement of the forum-selection clause here will not necessarily result in enforcement of the non-compete clause in the Employment Agreement. Plaintiffs will be able to argue to the Minnesota tribunal that notwithstanding the Minnesota choice-of-law clause, the non-compete clause in the Employment Agreement is governed by and unenforceable under California law because Boykin now lives in California. Further, Plaintiffs acknowledge that non-compete clauses are disfavored under Minnesota law [Doc. No. 1 at ¶¶ 42, 49; Doc. No. 22 at 15], so even a Minnesota court applying Minnesota law could deem the non-compete clause unenforceable. That a Minnesota court may, in Plaintiffs' opinion, be less receptive to these arguments than would a California-based court does not render a forum-selection clause in favor of Minnesota state courts unenforceable. *Lewis*, 953 F.3d at 1168 ("We have long recognized that 'dismissal on grounds of *forum non conveniens* may be granted even though the law applicable in the alternative forum is less favorable to the plaintiff's chance of recovery.'") (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 250 (1981)).

In sum, while California may have a strong public policy against enforcement of non-compete provisions in employment agreements, Plaintiffs have not identified any strong California public policy against enforcement of forum-selection clauses in contracts generally, or more specifically in employment agreements with no connection to California at the time they were executed. Accordingly, Plaintiffs have not satisfied their heavy burden to establish that the forum-selection clause in the Employment Agreement is invalid because it contravenes a strong California public policy.

### C. Public and Private Interest Factors

Plaintiffs argue that even if the forum-selection clause is valid, the Court should not dismiss this case because public and private interest factors support keeping the case here. The Court is not persuaded. First, "a court must deem all factors relating to the private interests of the parties (such as the 'relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive') as weighing 'entirely in favor of the preselected forum.'" *Sun*, 901 F.3d at 1087–88 (quoting *Atl. Marine*, 571 U.S. at 64)).

Second, public interest factors "(such as the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; and the interest in having the trial of a diversity case in a forum that is at home with the law) . . . will rarely defeat a transfer motion." *Id.* at 1088 (internal citations, quotation marks and brackets omitted). Thus, "under *Atlantic Marine*, courts must enforce a forum-selection clause unless the contractually selected forum affords the plaintiffs no remedies whatsoever." *Id.* at 1092. This case is not exceptional or unusual, and these factors do not support disregarding the forum-selection clause here. The Minnesota state courts are equally able to entertain Plaintiffs' arguments about the enforceability of the non-compete and confidentiality clauses in the Employment Agreement as is this Court.

### D. Applicability to Dexcom

Finally, Plaintiffs argue that the forum-selection clause is not applicable to Dexcom because it is not a party to the Employment Agreement. However, "'it is well-settled contract law that the scope of a' third-party's rights can be 'defined by the contract.'" *Lewis*, 953 F.3d at 1164 (quoting *TAAG Linhas Aereas de Angl. v. Transamerica Airlines, Inc.*, 915 F.2d 1351, 1354 (9th Cir. 1990)). To that end, "the Ninth Circuit has found that closely related parties may be bound by a forum-selection clause even though they were not signatories to the contract containing the clause." *Mechanix Wear, Inc.*, 2017 WL 417193, at *9 (citing *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 n.5 (9th Cir. 1988)). Dexcom's claims in this lawsuit are based on the Employment Agreement itself and are indistinguishable from the claims of Boykin, who is bound by the forum-selection clause. Dexcom cannot avoid the enforcement of a forum-selection clause in the same contract it asks the court to interpret. Accordingly, the forum-selection clause applies to Dexcom's claims in this litigation as well. *See id.* (holding employee's new employer to the forum-selection clause in non-compete agreement between employee and previous employer).

### III. Conclusion

For the foregoing reasons, it is hereby **ORDERED** that Medtronic's motion to dismiss this case based on the doctrine of *forum non conveniens* is **GRANTED**. Having arrived at this decision, the Court need not address the various other grounds for dismissal or stay argued in the motion. This case is **DISMISSED WITHOUT PREJUDICE** to Plaintiffs bringing their claims in a Minnesota state court.

It is **SO ORDERED**.

Dated: December 14, 2021

Hon. Cathy Ann Bencivengo
United States District Judge